*In re* MARRIAGE OF BETH ANN OLIVER, Petitioner-Appellee, and JOSEPH HAROLD OLIVER, SR., Respondent-Appellant.

Fifth District   No. 5—86—0389

Opinion filed April 29, 1987.

William J. Billeaud, of Collinsville, for appellant.

Dunham, Boman & Leskera, of East St. Louis (John W. Leskera and Frederick P. Johnsonton, Jr., of counsel), for appellee.

JUSTICE JONES delivered the opinion of the court:

Joseph Harold Oliver, Sr. (father), appeals from an order of the trial court that granted the petition of Beth Ann Oliver (mother) for a change of custody of their minor child from the father to the mother.

The father and mother were married on August 28, 1981, the

child was born on March 9, 1982, and the marriage was dissolved on May 11, 1982. Under the terms of the judgment of dissolution, the mother was granted custody of the child. The mother retained custody until June 20, 1983, when an agreed order was entered by the court that changed the custody of the minor to the father. That order recited that it was in the best interest of the child that the change in custody be made.

During the period both preceding and following the June 1983 order, the mother was working and attending computer technology school in St. Louis. At times she held two jobs. The father was employed as a chemical operator at Monsanto, from which he expected to earn about $30,000 in 1986.

The mother had extended visitation with the child after the June 1983 custody change. The child would stay with her for two to three days and sometimes for weeks at a time. During the periods of extended visitation, the mother would place the child in day care at her own expense. Beginning in August 1985, and until December 29, 1985, the child lived with the mother on a regular basis. The child was placed in a day care center while the mother worked at her new job with Pitney-Bowes. The father made no objection to this arrangement. On December 4, 1985, the mother filed her petition for modification to have custody of the child changed from the father to herself. Following the filing of the petition, the father resumed his custody of the child.

Hearing on the petition was held on February 5, 1986, and May 6, 1986. Both the mother and the father conceded that the other was a good parent and took good care of the child when under their custody. The mother was, however, critical of the fact that when the child was with the father he would at times be left with the father's grandparents, who were "good people" but spoke no English. This brought about speech difficulties with the child. The mother complained that while in the father's custody the child had developed a problem with bed-wetting. He would use foul language and would become unruly and difficult to manage. The child would also suffer from having watched horror movies while with his father. At the time of the second day of the hearing, the father had lost his job with Monsanto but was actively seeking other employment.

On June 5, 1986, the court entered an order that changed the custody of the child from the father to the mother. In pertinent part the order stated:

> "That subsequent to the original Judgment of Dissolution awarding custody of the minor child to BETH ANN OLIVER,

a modification order was entered granting custody to JOSEPH HAROLD OLIVER, SR. That BETH ANN OLIVER has demonstrated that she is a fit and proper person to have the care, custody, control and education of the minor child, JOSEPH HAROLD OLIVER, JR. and after considering all relevant factors in determining child custody including those enumerated in Chapter 40, Paragraph 602 of Illinois Revised Statutes and having had an opportunity to observe the parties and other witnesses, the Court finds that it is in the best interests of the minor child that his care, custody, control and education be awarded to BETH ANN OLIVER."

The father contends on appeal (1) that the court erred in failing to make specific findings to support a modification in the order of custody as required by section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1985, ch. 40, par. 610(b)), and (2) that the transfer of custody was against the manifest weight of the evidence.

The father relies upon the case of *Vollmer v. Mattox* (1985), 137 Ill. App. 3d 1, 484 N.E.2d 311, for the proposition that section 610(b) of the Act requires the trial court to make specific findings of fact to support an order for modification of custody. For her part, the mother cites the supreme court case of *In re Custody of Sussenbach* (1985), 108 Ill. 2d 489, 485 N.E.2d 367. That case was decided just three months after *Vollmer* and held that an order making a change of custody will not be found defective merely because the trial court does not specifically state, as required by section 610(b), that the trial court has found a change in circumstances since the prior custody order.

Section 610(b) provides, in pertinent part:

"After the expiration of the 2 year period following a custody judgment specified in subsection (a) of this Section, the court shall not modify a prior custody judgment unless it finds by clear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, *that a change has occurred in the circumstances of the child or his custodian,* \*\*\* and that the modification is necessary to serve the best interest of the child. \*\*\* *The court shall state in its decision specific findings of fact in support of its modification or termination of joint custody if either parent opposes the modification or termination.*" (Emphasis added.)

After consideration of section 610(b) and the interpretative cases of *Vollmer* and *Sussenbach*, we have determined that those cases do

not state contradictory interpretations of the statute. To the contrary, we find them compatible and dispositive in the case before us.

In the *Vollmer* case the trial court found a transfer of custody to be in the best interest of the child but "the court did not elaborate upon the reasons for the court's decision to change the custody [of the minor]." The order in the *Vollmer* case did not even recite the conclusionary statement from the statute that "a change has occurred in the circumstances of the child or his custodian." Holding that section 610(b) required the finding of specific facts to justify the change, the court remanded for the court to make explicit findings to support the change in custody it had made. On the other hand, in the *Sussenbach* case, the trial court made extensive findings to show the change in circumstances that required a change in custody, but it did not recite its conclusion from those facts that "a change has occurred in the circumstances of the child or his custodian." Such omission, the supreme court held, was not controlling for "[t]hese findings, we believe, when taken together are sufficient to show that a change in circumstances had occurred."

In the case before us, the order of June 5, 1986, that changed the custody of the child from the father to the mother limited its findings to a recital that it was in the best interest of the child. There were no findings based upon "[c]lear and convincing evidence, upon the basis of facts that have arisen since the prior judgment or that were unknown to the court at the time of entry of the prior judgment, that a change has occurred in the circumstances of the child or his custodian." Moreover, there were no "specific findings of fact in support of its modification."

■ The change-of-custody order before us recites that the court had considered "all relevant factors in determining child custody including those enumerated in Chapter 40, Paragraph 602 of Illinois Revised Statutes." While a reference to the factors enumerated in section 602 of the Act would not be inappropriate, they may not, in the absence of a consideration of a change of circumstances as provided in section 610(b), serve as a justification for a change in custody. The appellant argues, and we agree, that the policy underlying section 610(b) indicates that more stringent standards are to be applied when making a change in custody. As the court stated in *In re Marriage of Wechselberger* (1983), 115 Ill. App. 3d 779, 786, 450 N.E.2d 1385, 1389:

> "Section 610(b) reflects an underlying policy favoring the finality of child-custody judgments and making their modification more difficult. Its effect is to create a legislative presumption

in favor of the present custodian, thereby promoting the stability and continuity of the child's custodial and environmental relationship which is not to be overturned lightly. [Citations.]"

■ For the foregoing reasons, we vacate the order of June 5, 1986, that wrought a change in custody from father to mother and remand the case to the trial court for the purpose of making specific findings of fact in conformance with section 610(b). Pending such findings, the temporary custody of the child shall remain with the mother. *Vollmer v. Mattox* (1985), 137 Ill. App. 3d 1, 484 N.E.2d 311.

Order vacated, cause remanded with directions.

KARNS, P.J., and KASSERMAN, J., concur.