*In re* CUSTODY OF KRISTINA PFAFF (Pamela Pfaff, n/k/a Pamela Steep, Petitioner-Appellee, v. Stephen Pfaff, Respondent-Appellant).
Third District   No. 3—92—0970

Opinion filed September 3, 1993.

Chris D. Rouskey, of Rouskey & Kucinic, of Joliet, for appellant.

No brief filed for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

The respondent, Stephen Pfaff, appeals from a judgment of the trial court which terminated a joint custody arrangement and awarded sole custody to the petitioner, Pamela (Pfaff) Steep. We affirm.

We initially note that an appellee's brief was not filed in this case. However, since the record is simple and the issue can be easily decided without an appellee's brief, we shall address the issue on the merits. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

The record shows that the parties' daughter, Kristina, was born on November 24, 1986. The parties' marriage was dissolved on May 27, 1988. Pursuant to the dissolution order, the parties were awarded joint custody of Kristina, and Pamela was named the custodial parent.

On May 12, 1992, Pamela filed a petition seeking sole custody of Kristina. She alleged that Stephen had not cooperated with her regarding custody arrangements and that they could no longer consult each other concerning Kristina's best interests.

At a hearing on the petition, Pamela testified that she and Stephen disagreed about which days of the week Stephen would have custody of Kristina. She also said there were disagreements over Stephen's summer vacation time with Kristina as well as with whom Kristina would be on Christmas day. Lastly, Pamela testified that they argued over which dentist Kristina would go to and which kindergarten she would attend.

At the conclusion of the hearing, the trial judge awarded sole custody to Pamela. In making its ruling, the court found that it was in Kristina's best interest to terminate the joint custody order. The judge stated as follows:

"The problem is when [the parties] can't agree somebody has to make the decision and that person should be the custodial parent.

\* \* \*

\*\*\* [I]t is just obvious to me that these folks don't communicate, period.

\* \* \*

I am really not too much concerned about these [two] people. I am concerned about Kristina. When they argue, when they can't agree on which dentist she should go to, which school she should go to, what she can do on every step of the way, the only one that suffers is the child."

These comments were not included in the judge's written order.

On appeal, Stephen argues that the trial judge failed to make a specific finding as required by section 610(b) of the Illinois Marriage and Dissolution of Marriage Act (Act) (Ill. Rev. Stat. 1991, ch. 40, par. 610(b)).

Section 610 of the Act provides that if two years have elapsed following a custody judgment, a court shall not modify the custody order unless it finds clear and convincing evidence that a change has occurred in the circumstances of the child or custodian and that modification is necessary to serve the best interest of the child. (Ill. Rev. Stat. 1991, ch. 40, pars. 610(a), (b).) The court's decision must be based upon facts arising since the judgment or upon facts unknown at the time of the judgment. (Ill. Rev. Stat. 1991, ch. 40, par. 610(b).) The Act requires the court to make specific findings to support a change in a prior custody order. *(Vollmer v. Mattox* (1985), 137 Ill. App. 3d 1, 484 N.E.2d 311; *In re Marriage of Oliver* (1987), 155 Ill. App. 3d 181, 507 N.E.2d 1298.) However, specific findings need not be contained in the written order when they are mentioned orally by the judge at the time he makes his decision. *In re Marriage of Cripe* (1989), 183 Ill. App. 3d 37, 538 N.E.2d 1175.

■■ In the instant case, the trial judge specifically found that after the marriage had been dissolved, the parties were unable to agree on important aspects of Kristina's care. The judge further found that it was in the best interest of the child to terminate the joint custody order. Based on those statements, we hold that the

trial court made findings that were specific enough to satisfy section 610(b), although we note that the better procedure is to reduce those findings to a written order. Regardless, the findings were made and will be upheld by this court.

Stephen also argues on appeal that the trial court's custody modification was against the manifest weight of the evidence. Specifically, he contends that Pamela should not have been rewarded for her lack of cooperation by gaining sole custody of Kristina.

■ We note that in cases involving a transfer of custody, there is a legislative presumption favoring retention of the current custodian in order to promote stability and continuity in the child's environment. (*In re Marriage of Eldert* (1987), 158 Ill. App. 3d 798, 511 N.E.2d 945.) A change in custody will not be disturbed on appeal unless the trial court's decision was contrary to the manifest weight of the evidence or constituted an abuse of discretion. *In re Custody of Dykhuis* (1985), 131 Ill. App. 3d 371, 475 N.E.2d 1107.

Here, the record shows that the parties were unable to agree on important aspects of Kristina's care. It does not appear that either party was solely to blame for the disagreements. In these circumstances, the presumption in favor of the current custodian provides an adequate basis for the trial court's decision. This is not a "reward" to Pamela but a recognition of the importance of stability in Kristina's life. We therefore find that the trial judge's award of sole custody to Pamela was not against the manifest weight of the evidence or an abuse of discretion.

The decision of the circuit court of Grundy County is affirmed.

Affirmed.

McCUSKEY, P.J., and STOUDER, J., concur.